JgFITZSIMMONS, J.
Plaintiff, William J. Hedington, received workers’ compensation benefits for back injuries suffered in an alleged accident on January 21, 1997. More than two years later, Mr. Hedington filed a disputed claim form for additional benefits for a claimed neck injury suffered in the same alleged accident. Defendants, Wright & Associates Construction Co. and Louisiana Workers’ Compensation Corporation, denied that an accident occurred or that they were liable for any benefits. The workers’ compensation judge found that no compen-sable accident occurred, that Mr. Heding-ton’s neck injuries were not caused by the alleged accident, and that he failed to meet the requisite burden of proof. Mr. Hed-ington appealed. We affirm.
To recover workers’ compensation benefits, an employee must prove that he received an accidental personal injury arising out of and in the course and scope of his employment, and that said injury necessitated the claimed medical treatment or rendered the employee disabled, or both. La.R.S. 23:1031; Haws v. Professional Sewer Rehabilitation, Inc., 98-2846 (La.App. 1 Cir. 2/18/00), 763 So.2d 683, 688. Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 *1164 (La.7/1/97), 696 So.2d 551, 556. For reversal, the court of review must find that the record does not provide “a reasonable factual basis” for the finding, and “the finding is clearly wrong.... ” Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
Mr. Hedington suffered from chronic back and neck pain caused by various accidents and disease, and had undergone repeated surgeries. For several years prior to the alleged January 21, 1997 accident, he received workers’ compensation and Social Security disability benefits. Mr. Hedington testified at the hearing, but called no witnesses to the accident. One week after the alleged accident, Mr. Hed-ington sought treatment from Dr. Carey Winder. Based on Mr. Hedington’s report of a work accident, it appeared to Dr. Winder that Mr. Hedington had “aggravated his chronic lumbar pain from his faded back syndrome.” However, in a letter dated March 3, 1997, Dr. Winder stated that he could not determine to what extent the work accident had aggravated the preexisting injuries. Dr. Winder considered Mr. Hedington “totally disabled” from | achronic neck and back problems before the accident reported by Mr. Hedington and was surprised that Mr. Hedington had returned to construction work. Dr. Winder felt that Mr. Hedington could not withstand the rigors of everyday construction work and recommended that Mr. Heding-ton try other work fields. Dr. Winder refused to prescribe any more pain medications, and referred Mr. Hedington’s future care to Dr. Robert Nicholson. Dr. Nicholson, who treated Mr. Hedington at times before and after the alleged accident, opined that Mr. Hedington “certainly could have developed these symptoms without the accident.” A third doctor, Dr. Jorge Isaza, began treatment of Mr. Hed-ington in August of 1997. By letter dated September 9, 1998, Dr. Isaza opined that the cervical complaints were related to the work accident. Dr. Isaza did not give his reasons or a basis for his opinion.
The issue is not whether Mr. Hedington experienced back and neck pain, but whether it was proven that the alleged work accident caused the claimed injuries. The workers’ compensation judge considered the entire record, including the hearing testimony, medical records, and deposition of Dr. Nicholson. Apparently, the judge did not find Mr. Hedington credible. After a thorough review of the entire record, we cannot say that the record failed to provide a reasonable basis, or that the workers’ compensation judge committed manifest error in the factual findings. Additionally, based on the facts found by the workers’ compensation judge, we see no error of law. For these reasons, we affirm the judgment. Plaintiff, Mr. Hedington, is assessed the costs of the appeal.
AFFIRMED.